IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE B. PARKS,

    Plaintiff,

v.                                       No. CV 13-1134 MCA/CEG

METROPOLITAN DETENTION CENTER,
CHIEF RUSTIN,
TIM MCMURRY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was transferred from the Bernalillo County Metropolitan Detention Center to a facility in Texas. Plaintiff suffers from gout, and he alleges that he was not allowed to take his treatment medicine for several days during transport and after arriving in Texas. The deprivation caused him severe pain. He asserts that Defendants' failure to send his medication with him to the Texas facility violated his rights under the Eighth Amendment. For relief, the complaint seeks equitable relief and damages.

No relief is available on Plaintiff's allegations against Defendants Metropolitan Detention Center and Rustin. First, in an action under § 1983, "a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). And second, the complaint makes no allegation that Defendant Rustin was involved in the failure to ensure continued medical treatment. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendants Metropolitan Detention Center and Rustin.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Metropolitan

Detention Center and Rustin are DISMISSED, and Defendants Metropolitan Detention Center and Rustin are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint, for Defendant McMurry.

_____
UNITED STATES DISTRICT JUDGE