IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE B. PARKS,

    Plaintiff,

v.                                                     No. CV 13-1134 MCA/CEG

METROPOLITAN DETENTION CENTER, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff Lawrence Parks' *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Complaint"), filed November 25, 2013, (Doc. 1); and Defendant Timothy McMurray, M.D.'s *Motion to Dismiss for Failure to State a Claim* ("Motion"), filed August 8, 2014, (Doc. 20). United States Chief District Judge M. Christina Armijo referred this matter to this Court to make proposing findings and a recommended disposition. (Doc. 12). The Court, having considered the *Motion*, recommends that the *Motion* be **GRANTED**. Further, the Court recommends that Plaintiff's remaining claims against Defendant IAH Secure Adult Detention Facility also be **DISMISSED**.

    **I.**    **Factual and Procedural Background**

Mr. Parks filed the Complaint naming IAH Secure Adult Detention ("IAH"), Tim McMurray, Bernadillo County Metropolitan Detention Center ("BCMDC"), and FNU Rustin as defendants. The Complaint alleges that Mr. Parks was transferred from BCMDC to the IAH in Livingston, Texas. Mr. Parks suffers from gout, and claims that during this transfer he was denied treatment for his condition. The Complaint states that as Mr. Parks was being transported from BCMDC to IAH, his gout "flared up." (Doc. 1

at 3). Upon arriving at IAH, Mr. Parks requested medication he had been receiving at BCMDC. However, he alleges he was only provided Aspirin, which he says exacerbates his gout, and other pills which he did not recognize as those he had taken at BCMDC. As a result, he contends that he suffered from severe pain. Mr. Parks alleges that Defendants denied him medical care by failing to provide him with the proper medications for his gout condition, in violation of his rights under the Eight Amendment.

Mr. Parks filed this suit while he was incarcerated at BCMDC and appears *pro se*. After he was released from custody, he filed an *Amended Motion to Proceed In Forma Pauperis* on April 21, 2014, (Doc. 14). This Court granted the Motion on April 28, 2014. (Doc. 15).

On April 30, 2014, Chief Judge Armijo dismissed Mr. Parks' claims against Defendants BCMDC and Rustin. (Doc. 16). Chief Judge Armijo concluded that under 42 U.S.C. § 1983, a detention center is not capable of being sued, and as such, the claims against Defendant BCMDC must fail. (*Id.* at 2). She also dismissed the claims against Defendant Rustin because the Complaint did not allege that he was personally involved in the alleged failure to ensure continued medical treatment for Mr. Parks' gout, and claims against supervisors under Section 1983 must allege grounds for liability beyond *respondeat superior*. (*Id*). Therefore, only Mr. Parks' claims against Defendants McMurray and IAH remained. (*Id.* at 3).

The record shows that Defendant McMurray was served with process on July 29, 2014, and filed the *Motion* on August 8, 2014. Mr. Parks did not respond to Defendant's *Motion* within the fourteen-day deadline. D.N.M.LR-Civ 7.1(b). As a result, this Court issued an *Order to Show Cause* on September 8, 2014, (Doc. 22), ordering Mr. Parks to

formally respond to the *Motion* by September 22, 2014. He has not responded. His failure to do so constitutes consent to grant Defendant's *Motion* under this District's local rules. D.N.M.LR-Civ 7.1(b). Nevertheless, even though the *Motion* is considered unopposed, the Court must determine whether the requested relief is appropriate. *See* D.N.M.LR-Civ. 7.1(b); *see also Sizemore v. N.M. Dep't of Labor*, No. 05-2198,182 Fed. Appx. 848, 853 (10th Cir. June 22, 2006) (unpublished) (noting that a party's mere failure to respond to a dispositive motion does not provide a sufficient basis to enter judgment against the party).

**II.    Analysis**

　　A. <u>Mr. Parks' Claims Against Defendant McMurray</u>

Defendant McMurray moves this Court to dismiss Mr. Parks' claims against him pursuant to FED. R. CIV. P. 12(b)(6). He argues that even assuming all facts in the Complaint to be true, Mr. Parks has failed to state a claim upon which relief can be granted. (Doc. 20 at 4). First, Defendant McMcurray contends that Mr. Parks bases his allegations solely on Defendant McMurray's position as medical director, and not on his personal involvement with the alleged constitutional deprivations. Defendant McMurray contends that the claim is based on a theory of *respondeat superior*, which is an improper basis for liability under Section 1983. (Doc. 20 at 5). Second, Defendant McMurray maintains that Mr. Parks alleges no facts that suggest Defendant McMurray or any of his staff were deliberately indifferent to Mr. Parks' condition. (Doc. 20 at 6).

　　In order to survive a motion to dismiss under FED. R. CIV. P 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). A complaint will be dismissed when it contains a mere "formulaic recitation of the elements of a cause of action." *Id*. In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

A civil rights action under 42 U.S.C. § 1983 may be brought against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (1996). A successful complaint under Section 1983 alleges some level of personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1411 (10th Cir. 1996). The claim may not be based solely on a theory of *respondeat superior*. *See id*.

In the prison context, the Eighth Amendment is implicated when a prison official is deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official violates the Eighth Amendment when (1) objectively, the deprivation alleged is sufficiently serious; and (2) the official has "a sufficiently culpable state of mind." *Id*. at 834 (internal quotations omitted). In order to satisfy the second prong, a plaintiff must demonstrate "that the defendants knew he faced a substantial risk of harm and disregarded that risk . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal citations omitted).

Here, Mr. Parks' Complaint does not withstand Defendant McMurray's *Motion*. First, Mr. Parks mentions Defendant McMurray as the "Chief of Medical" at BCMDC in the "Jurisdiction" Section of the Complaint, but does not describe Defendant McMurray's involvement in the alleged constitutional violation. (Doc. 1 at 2). Mr. Parks does not contend that Dr. McMurray himself was deliberately indifferent to his medical condition in any way. Mr. Parks' claim cannot rest on a theory of *respondeat superior* alone. *See Mitchell*, 80 F.3d at 1411.

Further, Mr. Parks does not allege that any of Dr. McMurray's staff were deliberately indifferent to his condition. Defendant McMurray is correct in pointing out that Mr. Parks' medical condition became apparent en route to IAH in Texas, not at BCMDC. Thus, Dr. McMurray and his staff were not in a position to treat Mr. Parks. Rather, the IAH staff were, and Mr. Parks concedes they provided him with Aspirin and other medicine for his condition.

Finally, insofar as the Complaint could be construed to allege that Defendant McMurray's failure to send Mr. Parks' medication with him to Texas was deliberately indifferent to his medical condition, the allegations fall short of alleging a plausible claim. Similarly, to the extent Mr. Parks argues that the fact Defendant McMurray allowed him to be transported to Texas was deliberately indifferent to his medical condition, the claim still fails. There are no facts to suggest that Defendant McMurray or any of his staff were deliberately indifferent towards Mr. Parks' medical needs. There is no allegation that they knew or should have known of any symptoms signaling a risk of

substantial harm before Mr. Parks left BCMDC, let alone ignored those symptoms. Indeed, it is undisputed that Mr. Parks' gout flared up an hour into his trip to Texas. (Doc. 1 at 3).

In conclusion, Plaintiff's Complaint does not allege a plausible claim against Defendant McMurray. Accordingly, the Court recommends that the claim against him be dismissed.

### B. Mr. Parks' Claims Against IAH

Mr. Parks' remaining claims against IAH come before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and FED. R. CIV. P. 12(b)(6). Mr. Parks was incarcerated when he filed this suit, appears *pro se*, and is proceeding *in forma pauperis*.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). As stated above, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*, 973 F.2d at 1520-21.

Here, Mr. Parks has not stated a plausible claim against IAH. First, in an action under Section 1983, "a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, No. 00-4109, 5 Fed. Appx. 852, 853 (10th Cir. March 1, 2001)). In addition, Mr. Parks names IAH as a defendant in his Complaint, but he does not make any separate allegations with regard to IAH specifically. Therefore, the Court recommends that Plaintiff's claims against IAH also be dismissed.

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendant. McMurray's *Motion to Dismiss for Failure to State a Claim*, (Doc. 20), be **GRANTED**, and Plaintiff's claims against him be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claim against Defendant IAH be **DISMISSED WITH PREJUDICE**, and that the Complaint be dismissed in its entirety.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE